Good morning, Your Honors. Carl Gunn, appearing on behalf of Mr. Sanchez. I'd first like to thank Your Honors from the Pacific Northwest for sharing some of your weather with us. I'm going to try to reserve two minutes for rebuttal, and I'll try to keep track of my time. I do want to talk about the trial issues, but I'd like to first highlight a couple of points about this. Are you Mr. Gunn? I'm sorry, Your Honor? Are you Mr. Gunn? Oh, yes, Your Honor. I thought I said that. I'm sorry. Okay. Maybe I didn't hear it. He was too busy making jokes about us from the Northwest to hear it, I guess. I fall flat on my face, Your Honor. No, not at all. It makes me feel right at home. Judge Trott did once point out to me I'd forgotten to introduce myself, so maybe I did. Anyway, I wanted to start off by making a couple of points about the sentencing issue, if I could. First of all, every one of the drug courier cases that we discussed in the briefs, I would submit, has either some additional factor or a much larger quantity of drugs. So that's, I think, something to keep in mind. But I think the more troubling thing here is the district court's apparent reliance on Mr. Sanchez's denial of guilt and his attorney's argument at trial. The very first thing the court brought up in addressing the role issue was that Mr. Sanchez contested the charges against him. Then in its ruling, as it was going through the reasoning of its ruling, one of the points it relied on was, quote, he contests the factual basis of the charges against him and he is not guilty, which in essence would mean he played no role in the offense, not a minor role. The court also suggested, and this is maybe more certainly equally troubling, that the defense attorney's argument at trial precluded relying on the government's evidence. He brought up at least twice. First, at the final sentencing, he made the point that, quote, the defense at the time of trial said Mr. Thompson, the witness, was not worthy of belief, unquote. And actually, I unfortunately didn't include in the excerpt, but if you go. The district court was chatty, but ultimately what the court said was, the defendant was found guilty by the jury of smuggling as, I think he means a substantial quantity of methamphetamine for a drug smuggling organization. There was no evidence that he was substantially less culpable than the average participant. And he concludes that he was not an insignificant part of the organization. And did more than just the one transport on the day of the arrest, that he knew what he was doing. So ultimately, that's a permissible ground, because the question is, is he significantly less culpable than the average participant? And he cites the correct standard with citations at the beginning and comes circling back to it at the end and makes that conclusion, so. There are certainly some things one can grab onto to say things, to reason that way, Your Honor. The problem is, when he says there's no evidence, he says it right after saying, well, the defense attorney said the witness was not worthy of belief. And Mr. Sanchez denied- I'm not looking for a factual basis of sentencing to support the defense counsel's and the government's request for a minor rule. I'm sorry. Well, he was, the unusual thing about this is that he didn't get it, even though the government and you were on the same page. That certainly is one of the troubling things. And we kind of always, I'm sure if I were in your position, I would think that would be a good arrow in my quiver. And I, although it's not exact, and the court doesn't have to be a rubber stamp. And we don't want courts to be a rubber stamp, but here we have a perfect example of where they're not. But so, I know what you're saying, and I think what Judge Graber said, the court is kind of having this stream of consciousness. But it was, but at the time the court was saying these things, the district court was looking for a factual basis of sentencing to support defense counsel's and the government's request for a minor rule. And just sort of went through what the court thought had occurred here. But ultimately, a little bit like juries, they kind of wander around and then they get back to what they have to do. The problem is, the problem, Your Honor, is that in looking for this factual basis, he either said it had to be ignored or suggested it was extremely discounted because the defense, the one evidence that was there, of course, was the government witness. And he seems to be saying that either one of two things. He's either suggesting that Mr. Sanchez has to himself personally offer something, which is certainly not the law. Or that because the defense challenged the government witness, that's not enough. And one other thing I wanted to point, Judge Graber- Does Sanchez have the burden to show that he has a minor rule? Yes. Yes, the burden of a downward adjustment is on the defense. But I wanted to get back to Judge Graber's pointing to some other things in the colloquy or the wandering, as Your Honor, Judge Callahan put it. I think what the case law suggests, at the very least, there's an uncertainty here about whether the judge may have- I don't see that. Suppose the judge had only said two sentences, citing the guidelines saying that defining a minor participant as one who plays a part in committing the offense that makes him substantially less culpable than the average participant, and then he has a citation, and then said the sentence, I find that that is not so in this case. And he hadn't meandered at all. No problem. No problem, Your Honor. So if that's true, why does the meandering matter? Why isn't all surplus? Because the meandering suggests that one of the reasons he concluded there was no evidence was that the defendant hadn't personally offered any, and that the government witness didn't count at least as strongly because he'd been challenged by the defense of trial. It's a factual finding. I'm sorry? It's a factual finding. He is or is not a minor participant. It's a factual finding. I'm sorry. If he says, that's my finding, then isn't it our job to just see if the record can support that, or does support that, and not to, I mean, if he'd said, in between he'd said, well, you know, it's Tuesday, and that really matters a lot to me because I have a different view of the facts on Tuesday, and I find that he was not minor. And if the record supports that, why does the stream of consciousness matter? Well, actually, I think in the example Your Honor just gave, if he said, because it's Tuesday, I look at the evidence differently, and therefore, I find such and such, then I think he would. But if the record supports the finding, why does it matter? Because if a court relies on evidence that's not properly relied on to make the finding, that's a legal error, and what you need to do then is send it back, not reverse, but send it back to be reconsidered with directions that that evidence can't be considered. One example that I recall from an old case, Your Honor, that's a different situation, but it's not totally unanalogous, is there's a case out there where a judge found that a defendant had been under the influence and made a confession involuntary because he was under the influence of some prescription drug at the time. And the judge commented, I know how those prescription drugs can affect you because I took that one time, and it really had a big effect on me. And the court reversed and sent it back because that was evidence the judge relied on in making his finding, which was totally proper otherwise. I know it wasn't in the record, but here, that's not the issue. The issue is whether the judge believed the things that were in the record, not bringing in, you know, I've gone to the scene, and I know what it looks like. The problem is the judge made it, the judge at least created certainly a reasonable inference that part of the reason he didn't believe the evidence in the record was that the defense attorney had challenged it. And that meant the defense attorney couldn't rely on it. If that's what the judge was thinking, either in whole or in part, then the factual finding is based on a legal error. And it has to be sent back, not to be reversed, but to say in making, you have to redo your factual decision making without considering that against the defense. Do you want to say a little rebuttal? I'm sorry. Judge Graber, I'd like to ask one question. Of course. Perhaps we could give counsel a little extra time on rebuttal if I'm using this time. What I'd like you to do, if you could, please, is just summarize for me in 30 seconds all the evidence that your client contends is in the record that proves his role in smuggling was less than the average smuggler's role. Well, two things, Your Honor. First of all, the premise isn't whether it's less than the actual smuggler's role. It's whether it's less than the actual drug defendant's role. So you have to compare smugglers not just to other smugglers, but to all drug defendants. And second, the evidence would be this. The evidence would be that would be basically the testimony of the government witness, Mr. Thompson, which is why the district court discounting it is so important. He testified that he had just met Mr. Sanchez maybe about a month before this happened, that they got to know each other and used drugs together, that this issue of how Mr. Thompson earned his money came up. Mr. Sanchez asked him. He told Mr. Thompson, well, I earn money smuggling drugs. Mr. Sanchez just asked, well, could I do that? Mr. Thompson introduced him to somebody. Mr. Thompson said he never smuggled drugs up to the time Mr. Thompson was arrested, which was the day before Mr. Sanchez. Then Mr. Sanchez gets arrested the next day. Ergo, Mr. Sanchez is obviously doing it for the first time. Second, the drugs here are of very low purity. It's 12 percent purity methamphetamine. It was an argument that I think I quote in one of my briefs. The government, I think, summarized it very well. No, I've got the briefs in. That's enough for me now. I actually have one more question that builds on Judge Gould's question. What was the reason that the PSR gave for not recommending the minor role adjustment? I believe and I'm not certain. I'm pretty sure the reason the PSR gave was basically that Mr. Sanchez had not just denied everything and not said anything about the offense. So the PSR, I think, was in essence also relying on the fact that Mr. Sanchez had to present anything. I also believe, and I'm not certain of this, of course, the probation officer wasn't present at the trial. So I'm not sure the pre-sentence report had Mr. Thompson's testimony before it, which was the main thing, of course, that both the government and Mr. Sanchez in arguing for minor role were relying on. So it didn't have anything from Mr. Sanchez and I don't think it had Mr. Thompson's testimony before it. Okay. Thank you. We'll hear from the government and you may have a minute to close the bottle. Thank you. Good morning to the court. Carlos Arguello, Assistant United States Attorney from the Southern District of California on behalf of the Appellee United States. This was one of those rare cases, Your Honor, that the government... The government just didn't convince the judge. Well, with respect to role, that's for sure. But going back, I think what we had here was this fascinating, crude view of this, like basically this hopeless existence in the underbelly of Tijuana's drug culture. And we had this witness that really explained to what he was doing and he tied it into the defendant's involvement. And this is going off the subject of role for a moment, Your Honor, but this witness explained how the defendant recruited himself and took steps to become a part of the smuggling venture that his friend was involved in. And on plain error of view, and again, this is evidence that the defendant brought to the table with his post-arrest statement that caused the discovery of this witness to eventually come to trial. But really, with respect to the testimonial issues regarding the statement at primary and the 404B-slash-inextricably intertwined evidence, Mr. Sanchez is still unable to make a showing that the court, that the district court exceeded, clearly exceeded its bounds on a plain error standard of the established rules of admissibility. Counsel, Judge Gould, if I could ask you a question on it. Yes, Your Honor. I don't really have any question at all about the evidence ruling. I don't think it's likely an abuse of discretion. But I am interested in hearing what your response is to appellant's argument on minor role. Role, as I think the court had just referenced, is the individual substantially less culpable than the average participant. So it doesn't matter if he's less... But essentially, counsel for the appellant is saying, although the court did not go this far, but essentially is saying that the statement that the court was focusing on, that he denied culpability during the trial, was the reason he wasn't going to follow your recommendation and the evidence that was put on by the appellant. You know, I mean, because obviously, if the court had said, the fact that you denied this at trial makes you, if the court had said that, makes you ineligible to have a minor role. I think that would probably be a legal error. I agree, because... So that's... But counsel for the appellant is saying, no, the court didn't say exactly that, but it amounted to that, is what the counsel is saying. And I think similar to, I guess I'm just restating what the court said a few minutes ago, and that was, the court is parenthetically making these remarks, I think trying to say, why do you get to argue this? You say he's not guilty. So basically, sit down and don't worry about it. You can't raise those issues, but I really, yeah, I think I agree with the court. It's not a legal error at the end of the day. No, Your Honor, because when it comes down to it, on the record, he read the standard. He read, the district court read what the analysis has to be, basically looking at all the circumstances, and he considered, on the record, the temporal aspect of it, the length of time that the defendant had been involved in drug smuggling, this drug smuggling, what led to this drug smuggling event on the day that led to his arrest on that day. So basically, it wasn't just he got the car the day before or the day of. This is an individual who, unlike other cases or some of the cases that we see or the court sees where individuals are recruited in one sense or one fashion or another, this individual, Mr. Sanchez, essentially recruited himself and said, how do I get involved? And I think the court took into consideration that Sanchez was the one who took the initiative. Introduce me to these people. When can they let me have work? Do you think they'll give me a job? And ultimately met with these persons. And I think the court took note of the process undertaken by Sanchez. What's your recollection of the PSR? Because the probation officer recommended that he not be given the minor role, right? What's your recollection? Yara, that's difficulty in this case, in these trial cases, because my recollection is the probation department, like in any other case, fast track or otherwise, they request the government's file or a copy of discovery. And they, in the discovery, there was not a whole lot with respect to the witness and his trial testimony. Now, the United States hasn't... Can I short-circuit this? Yes, Your Honor. Isn't opposing counsel essentially correct that there just wasn't any information really on his role from either side? So they just didn't have... And since he would bear the responsibility to show it, there's just nothing for them to do. And I see it to the contrary, Your Honor, because we... There was more information than you usually get in cases where the individual pleads guilty, because we had a whole trial on it. And we had witness testimony of exactly what he was doing in Mexico. So we had more than in the average case, because this went to trial twice. And the problem is that there's no transcript available at the time of when the information is sent to probation. And in this case, I think there was an example of where the probation officer is including information that was never presented at trial and was never part of the record. For example, the scientist made a statement post-arrest about thinking he was going to be smuggling aliens, or not drugs, or something to that effect. And that never came up in trial. So the judge knows more than the probation officer? And the parties. Counsel, Judge Gould, if I could interject. Yes, Your Honor. If one credited, if the district court had credited the statements of the government witness who was challenged by the defense, but if those statements were credited, would they be adequate to support a minor rule adjustment? Or stated another way, what I'm trying to understand is, was there evidence in the record from which the district court could have found there was a minor rule, although maybe he's not required to do that? Yes. Yes, I think with the issue with role, I'm not telling the court anything that's new, is reasonable minds will differ with respect to minor role. And you see it every Monday in the Southern District when the sentencing are calendared that one might qualify for a role in this court with the identical facts, and you go to another court, and the outcome could be different. And I assume that's why the standard is really more deferential and appreciates, respects the discretion of the district court. I think so, Your Honor. But I think what tipped the scales in Sanchez's disfavor were, and I think the United States inadvertently ignored it, I guess, or just didn't include it in its motion, was the two prior trips, which can be a big deal. And I think the perspective that was in the moving papers was, as it related to this case, this is a guy who, this is an individual who was not trusted right away, and he was not put to use until weeks after he volunteered himself for work. And even when he did go in a vehicle, they still only gave him five kilos. That was, as counsel indicated, 12 percent pure. But temporarily, I think that's, that tipped against him and against the role in his favor. Counsel, let me ask you one other question. Yes, Your Honor. Given the statements the district court made in sentencing, which appellant at least can argue, make it appear that the, he may have denied the role because, because Sanchez had not, you know, had not testified about his role. And would it be fair, would it be the fairest approach to vacate and send it back for resentencing, saying that that should not be a consideration? Respectfully, Your Honor, I don't think it would be fair, I don't think it would be appropriate or necessary in this case, because while the district court made that observation about an individual who is still advocating for his innocence, he still made a pretty solid record and gave the reasons why and what his analysis was, and what findings of fact upon which the court was relying. And the issue of role is heavily dependent on the facts. And in this case, the district court, its observations or thoughts, philosophy aside, still made those findings, still put it on the record, why this, why Sanchez was not substantially less culpable. And I, and he did indicate, he did say as much on the record, and I know it's quoted in the papers. So I think, yeah, it's hard to still feel, it's a little unsettling to hear, if you're not accepting guilt, you stand by and you can't say a word while the parties take care of these issues. I don't think the issue is ripe yet, at least not in this case, because there was this very, I think he carefully listed the factors, went over them, and said exactly what he had to look at, what he found, and why he found it. Thank you, counsel. Thank you. Oh, I'm sorry. No, that's fine. You were answering Judge Bull's question, and we appreciate that. I appreciate it, Your Honor. And I think the safest practice would have been clarify it for the record, the parties should have. Okay. Mr. Gannon. Thank you, Your Honor. Going back to Judge Gould, your last question, I think that's sort of the meat of things here, is the fairness. I, the problem here is I would submit that the district court talked as much about these improper considerations, that the defendant contested guilt at trial and his defense attorney argued the witness was unworthy of belief, as much as he talked about the others. And that, at the very least, makes it unclear. I cited the Rojas-Mion case in the standard of review section in my brief, but please go back and look at it. It's a very good example, a case where the court sent back for reconsideration of the sentence because it was unclear, simply unclear, whether the district court relied on an improper factor. There's not a big downside to that. I know it does mean you use a few more district court resources. There's a big upside, though, and that's making sure that one of our, some of our fundamental principles of justice aren't compromised in this sentencing by a defendant possibly getting more time because he contested guilt and let his attorney make arguments at trial. And I think the tradeoff suggests a remand here because it's unclear in quotes here just the way it was in Rojas-Mion. Your Honor, Judge Gould, I did want, in my brief at pages 31 to 32, the opening brief is a good summary of the evidence from the government's own sentencing memorandum. If you want to see, you asked what the facts were. Judge Graber, I did look, and Judge Callahan, I think, I did look back at the pre-sentence report. There is nothing in the pre-sentence report about Mr. Thompson's testimony, the witness, so it's apparent that the probation office recommendation was based on having no information at all about that testimony. Sotomayor, you have exceeded your extra time, so if you could sum up very briefly. I think those were the points I wanted to make, Your Honor. It's just the standard here sort of is whether it's unclear. It's enough that it's unclear whether the district court may have relied on these improper. Why didn't you ask for clarification? Well, I wasn't the trial attorney, Your Honor. Well, but what counsel, I think, for the appellate said, the parties sitting there should have said, hey, you can't, you know, that doesn't just qualify him. Are you considering that, Your Honor? And as opposed to lying in wait and then bringing it up here. Well, two responses. First of all, in Rojas Neon, the fact that the record was unclear was enough for a remand, and I think that's warranted here. Second of all, related to the problems with the notice of appeal that were the related  He said, I submit three different times, and that's about it. So. Thank you, counsel. Thank you, Your Honor. The case has currently been submitted, and we appreciate both counsels joining us.
judges: Graber, Gould, Callahan